**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**



IN RE FACEBOOK, INC. IPO SECURITIES AND DERIVATIVE LITIGATION

MDL No. 12-2389 (RWS)

This document relates to the Consolidated Securities Action:

| | |
|---|---|
| No. 12-cv-4081 | No. 12-cv-4763 |
| No. 12-cv-4099 | No. 12-cv-4777 |
| No. 12-cv-4131 | No. 12-cv-5511 |
| No. 12-cv-4150 | No. 12-cv-7542 |
| No. 12-cv-4157 | No. 12-cv-7543 |
| No. 12-cv-4184 | No. 12-cv-7544 |
| No. 12-cv-4194 | No. 12-cv-7545 |
| No. 12-cv-4215 | No. 12-cv-7546 |
| No. 12-cv-4252 | No. 12-cv-7547 |
| No. 12-cv-4291 | No. 12-cv-7548 |
| No. 12-cv-4312 | No. 12-cv-7550 |
| No. 12-cv-4332 | No. 12-cv-7551 |
| No. 12-cv-4360 | No. 12-cv-7552 |
| No. 12-cv-4362 | No. 12-cv-7586 |
| No. 12-cv-4551 | No. 12-cv-7587 |
| No. 12-cv-4648 | |





**[~~PROPOSED~~] ORDER AWARDING ATTORNEYS' FEES AND EXPENSES**

WHEREAS, this matter came on for hearing on September 5, 2018 (the "Settlement Hearing") on Lead Counsel's motion for an award of attorneys' fees and payment of Litigation Expenses. The Court having considered all matters submitted to it at the Settlement Hearing and otherwise; and it appearing that notice of the Settlement Hearing substantially in the form approved by the Court was mailed to all Class Members who could be identified with reasonable effort, and that a summary notice of the hearing substantially in the form approved by the Court was published in *Investor's Business Daily* and transmitted over *PR Newswire and CNW*

*Newswire* pursuant to the specifications of the Court; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and Litigation Expenses requested,

NOW, THEREFORE, IT IS HEREBY ORDERED that:

1. This Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement, dated as of February 26, 2018 (the "Stipulation"), and all capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation.

2. The Court has jurisdiction to enter this Order and over the subject matter of the Action and all Parties to the Action, including all Class Members.

3. Notice of Lead Counsel's motion for an award of attorneys' fees and payment of Litigation Expenses was given to all Class Members who could be identified with reasonable effort. The form and method of notifying the Class of the motion for an award of attorneys' fees and payment of Litigation Expenses satisfied the notice requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and Section 27 of the Securities Act of 1933, 15 U.S.C. §77z-1(a)(7), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); constituted the best notice practicable under the circumstances; and constituted due, adequate, and sufficient notice to all Persons entitled thereto.

4. There have been no objections to Lead Counsel's request for attorneys' fees, Litigation Expenses, or the Class Representatives' requests for reimbursement pursuant to the PSLRA.

5. Lead Counsel are hereby awarded attorneys' fees in the amount of 25% of the Settlement Fund and $4,962,976.46 in payment of Plaintiffs' Counsel's Litigation

Expenses (which fees and expenses shall be paid from the Settlement Fund), which sums the Court finds to be fair and reasonable. Lead Counsel shall allocate the attorneys' fees awarded amongst Plaintiffs' Counsel in a manner which they, in good faith, believe reflects the contributions of such counsel to the institution, prosecution, and settlement of the Action.

6. In making this award of attorneys' fees and expenses to be paid from the Settlement Fund, the Court has considered and found that:

(a) The Settlement has created a fund of $35,000,000 in cash that has been funded into escrow pursuant to the terms of the Stipulation, and that numerous Class Members who submit acceptable Claim Forms will benefit from the Settlement that occurred because of the efforts of Plaintiffs' Counsel;

(b) The fee sought by Lead Counsel has been reviewed and approved as reasonable by the Lead Plaintiffs, institutional investors that oversaw the prosecution and resolution of the Action, and the Class Representatives;

(c) More than 1,387,738 copies of the Settlement Notice were mailed to potential Class Members and nominees stating that Lead Counsel would apply for attorneys' fees in an amount not to exceed 25% of the Settlement Fund and Litigation Expenses in an amount not to exceed $5.6 million;

(d) Lead Counsel have conducted the litigation and achieved the Settlement with skill, perseverance, and diligent advocacy;

(e) The Action raised a number of complex issues;

(f) Had Lead Counsel not achieved the Settlement there would remain a significant risk that Class Representatives and the other members of the Class may have recovered less or nothing from Defendants;

3

(g) Plaintiffs' Counsel devoted more than 94,317 hours, with a lodestar value of $50,042,638.00 to achieve the Settlement; and

(h) The amount of attorneys' fees awarded and Litigation Expenses to be paid from the Settlement Fund are fair and reasonable and consistent with awards in similar cases.

7. Lead Plaintiff Arkansas Teacher Retirement System is hereby awarded $6,012.53 from the Settlement Fund as reimbursement for its reasonable costs and expenses directly related to its representation of the Class.

8. Lead Plaintiff Fresno County Employees' Retirement Association is hereby awarded $5,000.00 from the Settlement Fund as reimbursement for its reasonable costs and expenses directly related to its representation of the Class.

9. Class Representative Mary Jane Galvan and Jose Galvan are hereby awarded $15,000 from the Settlement Fund as reimbursement for their reasonable costs and expenses directly related to their representation of the Class.

10. Class Representative Lynn Melton is hereby awarded $6,300 from the Settlement Fund as reimbursement for her reasonable costs and expenses directly related to her representation of the Class.

11. Class Representative Paul Melton is hereby awarded $9,450.00 from the Settlement Fund as reimbursement for his reasonable costs and expenses directly related to his representation of the Class.

12. Class Representative Sharon Morley is hereby awarded $7,605 from the Settlement Fund as reimbursement for her reasonable costs and expenses directly related to her representation of the Class.

13. Class Representative Eric E. Rand is hereby awarded $7,425.00 from the Settlement Fund as reimbursement for his reasonable costs and expenses directly related to his representation of the Class.

14. Any appeal or any challenge affecting this Court's approval regarding any attorneys' fees and expense application shall in no way disturb or affect the finality of the Judgment.

15. Exclusive jurisdiction is hereby retained over the parties and the Class Members for all matters relating to this Action, including the administration, interpretation, effectuation, or enforcement of the Stipulation and this Order.

16. In the event that the Settlement is terminated or the Effective Date of the Settlement otherwise fails to occur, this Order shall be rendered null and void to the extent provided by the Stipulation.

17. There is no just reason for delay in the entry of this Order, and immediate entry by the Clerk of the Court is expressly directed.

IT IS SO ORDERED.

Dated: 11-27-18, 2018

_____
The Honorable Robert W. Sweet
United States District Judge